United States District Court
Southern District of Texas
**ENTERED**
October 10, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NUMBER H-24-565-01 |
| | § | |
| LYNDELL LEROY PRICE, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Lyndell Leroy Price ("Defendant") is charged with one count of conspiracy to commit arson in violation of 18 U.S.C. § 844(n) & (i), one count of arson in violation of 18 U.S.C. §§ 844(i) & 2, and one count of conspiracy to use an interstate facility to commit arson in violation of §§ 18 U.S.C. 1952(a)(3) & 371.[1] Pending before the court is Defendant's Motion to Dismiss Indictment With Prejudice or in the Alternative Suppress Evidence ("Defendant's MTD") (Docket Entry No. 67). Defendant argues that the Indictment should be dismissed because the Government obtained privileged information about Defendant from Letitia D. Quinones-Hollins, Esq. ("Attorney Quinones-Hollins") in violation of Defendant's Fifth and Sixth Amendment rights.

---

[1]Superseding Indictment, Docket Entry No. 29, pp. 1-6. For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

## I. Factual Background

On June 12, 2020, Bar 5015 was destroyed in a fire.[2] On April 8, 2025, Defendant and three co-defendants were indicted for their alleged involvement in the arson.[3] On May 1, 2025, Defendant pleaded not guilty to the charges in the Indictment.[4] Defendant argues that the case should be dismissed because his Fifth and Sixth Amendment rights were violated when the Government used privileged information about Defendant that it received from Attorney Quinones-Hollins during her representation of John Lee Price ("John Price") in a federal drug case in Mississippi.[5] John Price is a co-defendant in this case.[6] Defendant also argues that Attorney Quinones-Hollins represented John Price even though there was a conflict of interest between his case and her representations of Defendant.[7]

---

[2]Id. at 4.

[3]Id. at 1.

[4]Arraignment Minute Entry for Proceedings Held on 5/1/2025 before Magistrate Judge Dena Hanovice Palermo as to Lyndell Leroy Price.

[5]Defendant argues that Attorney Quinones-Hollins had privileged information about Defendant because she represented Defendant in this case and in previous cases. Brief in Support of Defendant's Motion to Dismiss Indictment With Prejudice or in the Alternative Suppress Evidence ("Brief in Support of Defendant's MTD"), Docket Entry No. 101, p. 6. See also, Defendant's MTD, Docket Entry No. 67, p. 1.

[6]Superseding Indictment, Docket Entry No. 29, p. 1

[7]Brief in Support of Defendant's MTD, Docket Entry No. 101, p. 7.

A. **Attorney Quinones-Hollins' Previous Representations of Defendant**

Before this case Defendant was charged in several other criminal cases in Harris County and the Southern District of Texas.[8] In those cases Defendant was often represented by Attorney Quinones-Hollins.[9] Attorney Quinones-Hollins represented Defendant in a 2005 arson case (Harris County), a 2015 assault case (Harris County), a 2016 federal tax fraud case (Southern District of Texas), and a 2021 aggravated assault case (Harris County).[10] The 2021 aggravated assault case was the last time that Attorney Quinones-Hollins appeared in court on behalf of Defendant.[11] Attorney Quinones-Hollins testified that Defendant knew she would no longer represent him because of his large outstanding bill from her previous representations.[12]

---

[8]Government's Response to Defendant's Motion to Dismiss Indictment With Prejudice or in the Alternative Suppress Evidence ("Government's Response to Defendant's MTD"), Docket Entry No. 79, p. 1.

[9]Id.

[10]Id. at 1-2; Government's Response to Defendant's Brief in Support of Motion to Dismiss Indictment With Prejudice or in the Alternative Suppress Evidence ("Government's Response to Brief in Support of Defendant's MTD"), Docket Entry No. 102, p. 4.

[11]In any criminal matter that Defendant has been involved with since the 2021 state aggravated assault case, Defendant has been represented by either Attorney Robert Jones or Attorney Donale Evans, not Attorney Quinones-Hollins. Exhibit 4 to Government's Response to Defendant's Brief in Support of Defendant's MTD, Docket Entry No. 103-4, pp. 4-5, 7-8, 12, 15, 21.

[12]Transcript of Motion Hearing Heard Before the Honorable Sim Lake, United States District Judge ("Transcript of Motion Hearing"), Docket Entry No. 98, p. 13 lines 9-17.

**B.   Attorney Quinones-Hollins' Involvement in This Case**

During the federal investigation of the Bar 5015 arson Defendant's home was surveilled by the Federal Bureau of Investigations (FBI).[13] Sometime in 2021 or 2022 Agent Brian Ritchie parked outside of Defendant's house to establish a lifestyle pattern.[14] When Defendant saw Agent Ritchie, he called Attorney Jones and Attorney Quinones-Hollins and then handed the phone to Agent Ritchie.[15] Attorney Jones and Attorney Quinones-Hollins asked Agent Ritchie why he was at Defendant's house.[16] Agent Ritchie told Attorney Jones and Attorney Quinones-Hollins that he was there to establish a "lifestyle pattern."[17] According to Attorney Quinones-Hollins, neither Defendant nor Agent Ritchie told her that Defendant was under investigation for the Bar 5015 arson.[18] Attorney Quinones-Hollins did not become aware that Defendant was a suspect in the Bar 5015 arson investigation until 2024.[19]

---

[13] Government's Response to Defendant's MTD, Docket Entry No. 79, p. 3 ¶¶ 6-7.

[14] Id.

[15] Transcript of Motion Hearing, Docket Entry No. 98, pp. 34-35. According to Agent Ritchie, both Attorney Jones and Attorney Quinones-Hollins were on the phone at the same time. Id.

[16] Id. at 14, 35.

[17] Id.

[18] Id. at 15-16, 35.

[19] Id. at 18 lines 2-6.

C.   **Attorney Quinones-Hollins' Representation of John Price**

In November of 2023 John Price was arrested in Mississippi on unrelated federal drug charges.[20] John Price retained Carl Moore, Esq. ("Attorney Moore") to represent him in the federal drug case.[21] Agent Ritchie and Attorney Quinones-Hollins testified that Defendant told John Price to retain Attorney Moore for the federal drug case.[22] As he does in most of his criminal cases, Attorney Moore asked Attorney Quinones-Hollins to assist him in John Price's defense.[23]

As part of his plea deal in the Mississippi drug case, John Price began cooperating with Houston FBI agents about the Bar 5015 arson.[24] During John Price's plea deal negotiations, Attorney Quinones-Hollins learned that Defendant was a suspect in the Bar 5015 arson.[25] Upon learning this information, Attorney Quinones-Hollins told the Government that she had previously represented Defendant in various criminal matters.[26] However, because her previous representations of Defendant did not involve the Bar 5015

---

[20] The case was transferred to this court pursuant to a plea agreement between John Price and the Government. United States v. John Lee Price, 4:24-cr-637.

[21] Transcript of Motion Hearing, Docket Entry No. 98, pp. 20-21.

[22] Id. at 20-21, 36-37.

[23] Id. at 20-21.

[24] Id. at 16-17.

[25] Id. at 17.

[26] Id. at 9-10.

arson, the Government informed Attorney Quinones-Hollins that it believed that there was no conflict between her past representations of Defendant and John Price's Mississippi federal drug case.[27]

## II. Analysis

Defendant argues that there was a conflict of interest between Attorney Quinones-Hollins' representations of Defendant and her representation of John Price. Defendant also argues that because the Government had knowledge of the attorney conflict in this case, the Government (1) interfered with Defendant's right to counsel, (2) violated Defendant's due process rights, and (3) violated Strickland.

### A. Attorney Quinones-Hollins and Defendant Did Not Have an Attorney-Client Relationship for Purposes of This Case.

Defendant argues that an attorney-client relationship existed between him and Attorney Quinones-Hollins at the time of John Price's plea negotiations because Attorney Quinones-Hollins talked to Agent Ritchie on behalf of Defendant during the Bar 5015 arson investigation.[28]

"An attorney-client relationship can arise by express agreement or by implication from the parties' actions." First National Bank of Durant v. Trans Terra Corp. International, 142

---

[27] Id. at 17.

[28] Brief in Support of Defendant's MTD, Docket Entry No. 101, p. 6.

F.3d 802, 807 (5th Cir. 1998). "However, courts will not readily find an implied relationship 'absent a sufficient showing of intent.'" Id. (quoting Banc One Capital Partners Corp. V. Kneipper, 67 F.3d 1187, 1198 (5th Cir. 1995). Because both parties must have the intent to create the attorney-client relationship, "'one party's subjective belief is insufficient'" to create an attorney-client relationship. Belliveau v. Barco, Inc., 987 F.3d 122, 133 (5th Cir. 2021) (quoting Kiger V. Balestri, 376 S.W.3d 287, 291 (Tex. App.-Dallas 2012, pet. denied)).

The credible evidence establishes that Attorney Quinones-Hollins never intended to represent Defendant in this case. Attorney Quinones-Hollins' phone call with Agent Ritchie in 2021 or 2022 did not form an attorney-client relationship. During the phone call neither Agent Ritchie nor Defendant told her that Defendant was a suspect in the Bar 5015 arson.[29] Attorney Quinones-Hollins' testimony was corroborated by Agent Ritchie, who also testified that he did not disclose the reason he was at Defendant's house during the phone call.[30] Because Attorney Quinones-Hollins was not aware that the phone call had any relationship to the Bar 5015 arson investigation, the phone call is not evidence that Attorney Quinones-Hollins intended to form an attorney-client relationship with Defendant in connection with the Bar 5015 arson investigation. Moreover, Attorney Quinones-Hollins had no

---

[29] Transcript of Motion Hearing, Docket Entry No. 98, pp. 14-16.

[30] Id. at 34-35.

intention to ever represent Defendant again after he failed to pay her for her previous representations.[31]

The credible evidence establishes that an attorney-client relationship did not exist between Defendant and Attorney Quinones-Hollins in this case.

**B.   There Was No Conflict of Interest Between Attorney Quinones-Hollins' Previous Representations of Defendant and Her Representation of John Price in His Federal Drug Case.**

Defendant argues that there was a conflict of interest between Attorney Quinones-Hollins' representations of Defendant and her representation of John Price in his federal drug case in Mississippi.[32]

Once an attorney-client relationship is formed, the attorney owes a duty of confidentiality and a duty of loyalty to his client. Pfeiffer v. Ajamie PLLC, 469 F. Supp. 3d 752, 764 (S.D. Tex. 2019) ("A lawyer's duties of confidentiality and loyalty are fundamental tenants of the legal profession."). Because these duties continue even when the matter that created the attorney-client relationship is over, under the Texas Rules of Professional Conduct, an attorney cannot represent another person "in the same or a substantially related matter in which that person's interests are materially adverse to the interests of" a former client. Tex. R. Prof'l Conduct 1.09. A matter is substantially related to the interests of a former client when (1) there is an actual attorney-client

---

[31]Id. at 13 lines 9-17.

[32]Brief in Support of Defendant's MTD, Docket Entry No. 101, p. 6.

relationship and (2) there is a substantial relationship between the subject matter of the former and present representations. In re American Airlines, Inc., 972 F.2d 605, 614 (5th Cir. 1992.

Attorney Quinones-Hollins did not breach the fiduciary duties she owed to Defendant as her former client by representing John Price in his federal drug case. Attorney Quinones-Hollins never represented Defendant in this case. She has only represented Defendant in a 2005 arson case, a 2015 assault case, a 2016 federal tax case, and a 2021 aggravated assault case.[33] Applying Rule 1.09 of the Texas Disciplinary Rules of Professional Conduct, it is clear that none of those cases are substantially related to John Price's federal drug case in Mississippi.

### C. The Government Did Not Interfere With Defendant's Right to Counsel.

Defendant argues that the Government interfered with his right to counsel by failing to investigate whether Attorney Quinones-Hollins had a conflict of interest because of her previous representations of Defendant and her current representation of John Price.[34]

"Prior to indictment, a defendant is deprived of due process when the government's interference with the attorney-client relationship results in an ineffective assistance of counsel which

---

[33] Government's Response to Defendant's MTD, Docket Entry No. 79, pp. 1-2; Government's Response to Brief in Support of Defendant's MTD, Docket Entry No. 102, p. 4.

[34] Brief in Support of Defendant's MTD, Docket Entry No. 101, pp. 6-7.

prejudices the defendant." United States v. Johnson, 818 F. Supp. 1004, 1006 (S.D. Tex. 1993). The government interferes with a defendant's attorney-client relationship when it refuses to inquire into timely objections to attorney conflicts of interest. See Cuyler v. Sullivan, 100 S. Ct. 1708, 1717 (1980) ("Holloway requires state trial courts to investigate timely objections to multiple representation."). However, unless the government continues to prosecute a defendant despite an objection to multiple representation, the government is not responsible for an attorney's conflict of interest.[35] Id.

Because Attorney Quinones-Hollins never represented Defendant in this case, the Government could not have interfered with Defendant's right to conflict-free counsel by failing to investigate whether Attorney Quinones-Hollins had a conflict.[36]

**D.   The Government Did Not Violate Defendant's Due Process Rights.**

Defendant argues that the Government violated his due process rights by using privileged information it obtained from Attorney Quinones-Hollins against Defendant in this case.[37]

---

[35]Multiple representation involves an attorney representing two or more defendants with conflicting interests at the same time. See, e.g., Holloway v. Arkansas, 98 S. Ct. 1173, 1177 (1978). As discussed above, those facts are not present here.

[36]Even if Attorney Quinones-Hollins had represented Defendant in this case, it was her job to check for conflicts, not the Government's. See Tex. R. Prof'l Conduct 1.06 cmt. [17] ("Raising questions of conflict of interest is primarily the responsibility of the lawyer undertaking the representation.") (emphasis added); Cuyler, 100 S. Ct. at 1717.

[37]Brief in Support of Defendant's MTD, Docket Entry No. 101, pp. 12-13.

"[A] defendant may be deprived of due process when the government engages in conduct that is so outrageous that it is shocking to the universal sense of justice embodied in the Fifth Amendment." Johnson, 818 F. Supp. at 1006 (citing United States v. Russell, 93 S. Ct. 1637, 1643 (1973)). Under this framework the government violates due process when it actively collaborates with the defendant's attorney in a criminal case. United States v. Hungerford, Criminal Action No. 18-112, 2019 WL 1903212, at *6 (E.D. La. Apr. 29, 2019) (discussing United States v. Marshank, 777 F. Supp. 1507, 1524 (N.D. Cal. 1991)).

There is no evidence that the Government violated Defendant's due process rights. Attorney Quinones-Hollins never represented Defendant in this case. There is no evidence that establishes that Attorney Quinones-Hollins disclosed privileged information to the Government during John Price's plea negotiations. To the contrary, the record demonstrates that Attorney Quinones-Hollins and the Government were careful to ensure that no privileged information was exchanged between them.[38]

**E.   The Government Has Not Violated Strickland.**

Defendant argues that because the Government failed to inquire into Attorney Quinones-Hollins' conflict of interest, the Government has violated Strickland.[39]

---

[38] Transcript of Motion Hearing, Docket Entry No. 98, pp. 26-27.

[39] Brief in Support of Defendant's MTD, Docket Entry No. 101, pp. 16-17.

But <u>Strickland</u> articulates the standard for determining whether a criminal defendant's conviction must be set aside because counsel's assistance <u>at the trial or sentencing</u> was ineffective. <u>Strickland</u>, 104 S. Ct. at 2056. Defendant's argument that <u>Strickland</u> has been violated is premature, as this case has yet to go to trial and Defendant has yet to be sentenced.

### III. Conclusions and Order

The court has carefully considered all of Defendant's arguments. For the reasons explained above, Defendant's Motion to Dismiss Indictment With Prejudice or in the Alternative Suppress Evidence (Docket Entry No. 67) is **DENIED**.

**SIGNED** at Houston, Texas, on this 10th day of October, 2025.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE